# 𝔚heeling.

## JOHN MICHAEL *vs.* JOSEPH WORKMAN.

### July Term, 1872.

Where a party has a plain, adequate and complete remedy at law, he will not be entertained in a court of equity to enforce his rights in the premises. But when it appears that difficulties m ty attend the prosecution of his remedy for the recovery of such rights in an action at law, he will be permitted to enforce them in a court of equity.

2. A case in which a partnership is established, and a partner held liable for the amount of a note executed by another partner, for the use and benefit of the firm.

Bill filed at May rules, 1868, in the circuit court of Mineral county, by Joseph Workman against John W. C. Miers and John Michael.

Bill alleged that the defendants were partners, merchandizing near New Creek, in August, 1863, and borrowed of plaintiff two hundred and seventy-five dollars, for which a note was executed by Miers, signed "J. W. C. Miers & Michael." That the money was borrowed for the use and benefit of the partnership. That at the time of loaning it, the plaintiff was ignorant of the true style of the firm; that he learned that it was "J. W. C. Miers & Co." That at the time of the borrowing, Miers had stated to plaintiff that the firm name was that signed to the note. That the firm at the time did not make known generally the style of the partnership, but that the firm was composed of the defendants, Miers and Michael. That owing to the mistake in the signing of the note the plaintiff had no remedy at law, and could only have relief in equity. That the defendants fraudulently concealed the true name and style of their firm, &c. The bill asked relief against the fraud and mistake set up, and a decree for the payment of the amount of the note.

Michael answered, denying any partnership with Miers in August, 1863. That they had been partners until the spring of 1863, but had then suspended because the United States authorities had refused to permit them to take goods to their store ; that the store was then closed, and he did not know what became of the residue of the goods. He also denied the right or authority of Miers to execute the note at the time, whereby the respondent should be bound ; and that no money was borrowed for the use of the firm to purchase goods with for the benefit of the firm, nor was the same applied to such purpose.

The testimony in the cause was voluminous and somewhat contradictory, but this court held that it established substantially the allegations of the bill, in determining that there was a partnership at the time the note was executed, and that the money was applied to the use and benefit of the firm.

The court below overruled a demurrer to the bill for want of equity, and rendered a decree against the defendants for the amount of the note, in August, 1871, from which the defendant, Michael, appealed to this court.

*Robert White* for the appellant.
*C. W. B. Allison* for the appellee.

BERKSHIRE, P.   From the testimony in the cause, it satisfactorily appears that at the time J. W. C. Miers borrowed the money and gave the note in controversy to the appellees, in August, 1863, as well as prior and subsequent to that time, the appellant was in partnership with Miers, in the purchase and sale of goods, near New Creek, in Mineral county. That the money was borrowed in good faith by Miers for the benefit of the firm or partnership, and was invested in goods for and which actually went into the same. That on the part of the appellee the money was loaned in good faith to and on the credit of the firm or partnership, and *especially* on the credit of Michael, the appellant. There can be no doubt, therefore, that the latter was liable for the debt thus contracted.

It was earnestly maintained by the counsel for the appellant, that, conceding his liability to pay the debt, the appel-

lee had an adequate remedy at law, and therefore a court of equity had no jurisdiction of the case, and the demurrer to the bill should have been sustained and the bill dismissed.

It appears that the contract or agreement between Miers and Michael, concerning the partnership, was *verbal*, and that there was no particular understanding between them as to what the style or name of the firm should be. But according to the testimony of Miers, the firm usually went by the name of Miers & Michael, but was often called J. W. C. Miers & Co., and sometimes *he* called it J. W. C. Miers & Michael. That he generally signed the papers J. W. C. Miers & Michael, to designate *which* of the Miers was intended—there being many of that name in the neighborhood—and that he considered *one* name for the firm as good as another.

It also appears that Miers had some *printed* cards prepared in Baltimore, styling the firm "J. W. C. Miers & Co.," which were distributed in the county, in the vicinity of the store where the goods were kept, and *one* of them was nailed up on the door inside of the store. And this appears to have been all the printed or *written* evidence of the name of the firm.

It is well settled that where a party has a plain, adequate and *complete* remedy at law, he will not be entertained in a court of equity to enforce his rights in the premises. But it is also settled that where it appears difficulties may attend the prosecution of his remedy for the recovery of such rights in an action at law, he will be permitted to enforce them in a court of equity. *Mulliday* vs. *Machins, Adm'r,* 4 Gratt., 1.

It is very evident that the appellee would have encountered very grave, if not insurmountable, difficulties in an action at law for the recovery of the amount of the note in controversy, and it seems to me, therefore, that under the peculiar circumstances of this case the jurisdiction of this court ought to be upheld and the decree complained of affirmed with costs and damages.

The other judges concurred.

DECREE AFFIRMED.